UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

BERNARD a/k/a "BERNIE" FINE,  :
:
Plaintiff,  :
-against-  :  Case No. 5:13-CV-0652 (GTS/DEP)
:
ESPN, INC.,  :
:
Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332(a)(1), Defendant ESPN, Inc. ("ESPN") hereby files this Notice of Removal of the above-captioned case from the Supreme Court of New York, County of Onondaga, and in support thereof, avers as follows:

### INTRODUCTION[1]

1.  This action is removable because (a) there is complete diversity between the plaintiff, a citizen of New York, and the sole remaining defendant (ESPN), a Delaware corporation whose principal place of business is in Connecticut; and (b) the amount in controversy exceeds $75,000.

### PROCEDURAL BACKGROUND

2.  This action was commenced by plaintiff Bernard Fine ("Mr. Fine") on November 15, 2012 by the filing of Summons with Notice in the Supreme Court of New York, County of

---

[1] All supporting exhibits are attached to the accompanying Declaration of Nathan E. Siegel ("Siegel Declaration" or "Siegel Decl.").

1

Onondaga, pursuant to Section 305(b) of the New York Civil Practice Law and Rules. *See* Siegel Decl. Ex. A (a true and correct copy of Mr. Fine's Summons with Notice).

3. In the Summons with Notice, Mr. Fine named as defendants ESPN, Mark Schwarz, Arthur Berko, The Hearst Corporation and The Walt Disney Company. *Id.*

4. The Summons with Notice did not specify the amount in damages sought. *Id.*

5. The Summons with Notice identified Mr. Fine's state of residency as New York and defendant The Hearst Corporation's principal place of business as being in the state of New York as well. *Id.*

6. In addition, the Summons with Notice did not provide sufficient information to ascertain the basis for why each of the five defendants was named.

7. Counsel ESPN was served with the Summons with Notice via Federal Express on April 4, 2013. *See* Siegel Decl. Ex. B (a true and correct copy of letter from Mr. Fine's counsel enclosing Summons with Notice).

8. On April 16, 2013, ESPN, Mr. Schwarz and Mr. Berko served on Mr. Fine a Demand for a Complaint pursuant to Section 3012(c) of the New York Civil Practice Law and Rules. *See* Siegel Decl. Ex. C (a true and correct copy of ESPN's Demand for a Complaint).

9. On May 6, 2013, Mr. Fine served his Complaint on ESPN, by first-class mail. *See* Siegel Decl. Ex. D (a true and correct copy of the Complaint) (hereinafter "Complaint" or "Compl.").

10. In his Complaint, Mr. Fine named as defendants ESPN, The Hearst Corporation and The Walt Disney Company, and asserted causes of action for defamation arising out of a series of broadcasts aired by ESPN in November of 2011. *See id.* Based on the allegations of the Complaint against The Walt Disney Company and The Hearst Corporation, Defendant ESPN

did not believe that The Hearst Corporation or The Walt Disney Company were properly joined as defendants in this action.

11. The Complaint did not specify the amount in damages sought. *See id.*

12. On May 9, 2013, ESPN served on Mr. Fine a Request for a Supplemental Demand for Damages pursuant to Section 3012(c) of the New York Civil Practice Law and Rules. *See* Siegel Decl. Ex. E (a true and correct copy of ESPN's Request for Supplemental Demand for Damages).

13. On May 13, 2013, Mr. Fine served his Supplemental Demand for Damages, in which he stated that he is seeking an amount that exceeds $75,000 in damages. Siegel Decl. Ex. F (a true and correct copy of Mr. Fine's Supplemental Demand for Damages).

14. On June 5, 2013, before any party had served a responsive pleading in the state court, Mr. Fine served on all parties a Notice of Voluntary Discontinuance pursuant to CPLR 3217(a)(1) (dated June 3, 2013), dismissing The Hearst Corporation, The Walt Disney Company, Mr. Schwarz and Mr. Berko from the case. *See* Siegel Decl. Ex. G (a true and correct copy of Mr. Fine's Notice of Voluntary Discontinuance).

15. The notice of voluntary discontinuance was filed in Supreme Court of New York, County of Onondaga on June 6, 2013. *See* Siegel Decl. Ex. K (a true and correct copy Mr. Fine's Notice of Voluntary Discontinuance, as filed, with time-stamp). Thus, ESPN is the only defendant in the state court action.

16. ESPN agrees and stipulates that it is a proper defendant in this case and that no other person or entity is a necessary party that need be joined by Mr. Fine in this action.

**THIS CASE IS REMOVABLE BASED ON DIVERSITY OF CITIZENSHIP**

17. This lawsuit is removable from state court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) because there is complete diversity as between Mr. Fine and ESPN (the sole remaining defendant) and the amount in controversy exceeds $75,000.

18. Mr. Fine is a citizen of New York, as he affirmatively alleges. Compl. ¶ 1.

19. ESPN is not a citizen of New York:

    a. It is a Delaware corporation, which Mr. Fine also affirmatively alleges. *Id.* at ¶ 2.

    b. In addition, while the Complaint lists an address in New York as ESPN's "principal office for the transaction of business," at least in New York, *id.* at ¶ 3, ESPN's principal place of business is in Bristol Connecticut, a fact Mr. Fine acknowledged in his Summons with Notice, which correctly identified ESPN's location as "ESPN Plaza, Bristol, CT 06010," Siegel Decl. Ex. A. As set forth in the accompanying Declaration of Eleanor S. DeVane (attached as Exhibit H to the Siegel Declaration), Bristol, Connecticut "is the location out of which most of ESPN's corporate officers operate, and, accordingly, the location from which the bulk of the day-to-day business of the corporation is directed and managed. Moreover, there is no other location from which a comparable amount of the corporation's activities are directed or managed." Siegel Decl. Ex. H at ¶ 3. That makes Connecticut ESPN's principal place of business for purposes of diversity of citizenship. *See The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (a corporation's principal place of business is its "nerve center," *i.e.*, "the place where [the] corporation's officers direct, control, and coordinate the corporation's activities"). Mr. Fine's counsel has authorized ESPN to represent that he does not dispute that Bristol, Connecticut is ESPN's principal place of business.

20. Finally, the amount in controversy exceeds $75,000 plus interests and costs. *See* Siegel Decl. Ex. F.

21. In a related libel case presently in this Court that was brought by Mr. Fine's wife, Laurie J. Fine, Judge Kahn found that this Court has jurisdiction because "Plaintiff is a citizen of New York and alleges damages in excess of $75,000; . . . and Defendant ESPN is a citizen of Connecticut and Delaware." *Fine v. ESPN, Inc.*, 2013 WL 528468, at *2 n.1 (N.D.N.Y. Feb. 11, 2013).

## TIMELINESS AND ADEQUACY OF NOTICE

22. This Notice of Removal is timely because it is being filed within thirty days of either (1) the dismissal of the Hearst Corporation, or (2) if Hearst was fraudulently joined under the allegations of the Complaint, then within thirty days of Mr. Fine's service, on May 13, 2013, of his Supplemental Demand for Damages, which was the first paper served by Mr. Fine that specified the amount in damages sought. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.").

23. ESPN is the only defendant in this matter, so no other party's consent is required for removal. *See* Siegel Decl. Ex. G.

24. While the consent of Mr. Fine is not necessary, counsel for Mr. Fine has authorized ESPN to inform the Court that Plaintiff does not object to the removal of this case.

25. Pursuant to 28 U.S.C. § 1446(d), Mr. Fine, the only adverse party, is being provided with a Notice of Removal, *see* Siegel Decl. Ex. I (true and correct copy of Notice of Counsel), and a copy of this Notice of Removal is being filed with the Clerk for the Supreme

Court of New York, County of Onondaga, *see* Siegel Decl. Ex. J (true and correct copy of Notice to State Court).

## CONCLUSION

26. Because there is complete diversity between Mr. Fine and ESPN and the amount in controversy exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

WHEREFORE, notice is given that this action is removed from the Supreme Court of New York, County of Onondaga, in which it is now pending, to the United States District Court for the Northern District of New York.

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: */s/ Nathan E. Siegel*
Nathan E. Siegel

1899 L Street N.W., Suite 200
Washington, DC 20036
(202) 508-1100

*Attorneys for ESPN, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2013, I caused a true and correct copy of the foregoing Notice of Removal, along with all supporting papers and copy of this Court's General Order #25, to be served via Federal Express and email upon counsel for Plaintiff as follows:

>Richard T. Sullivan, Esquire
>RSullivan@harrisbeach.com
>HARRIS BEACH PLLC
>726 Exchange Street, Suite 1000
>Buffalo, New York 14210
>Tel:  (716) 200-5050
>Fax:  (716) 200-5215
>*Counsel for Plaintiff*

>*/s/ Nathan E. Siegel*
>Nathan E. Siegel